**Howard BOOFER, Appellant,**

**v.**

**Lisa W. LOTZ, Butler County Clerk of Courts; and William L. Patterson, Court Administrator.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 7, 2002.
Decided April 22, 2002.
Reargument Denied June 10, 2002.

---

Howard Boofer, appellant, pro se.

Leo M. Stepanian, II, Butler, for appellees.

BEFORE: FRIEDMAN, J., and LEAVITT, J., and FLAHERTY, Senior Judge.

## OPINION BY Judge FRIEDMAN.

Howard Boofer appeals from two orders of the Court of Common Pleas of Butler County (trial court). In the first order, dated November 6, 2000, the trial court granted Boofer's application to proceed *in forma pauperis,* denied Boofer's motion for appointment of counsel and denied Boofer's request to stop a twenty-percent deduction from his inmate account. In the second order, dated March 20, 2001, the trial court denied Boofer's petition to file a *nunc pro tunc* appeal from the first order and to continue *in forma pauperis.* We reverse.

Boofer is an inmate currently incarcerated at the State Correctional Institution at Albion (SCI/Albion), where he is serving a twenty-two to forty-five year sentence imposed on October 16, 1975. Boofer owes $1,058.87 in unpaid court costs, fees and restitution.

In 1998, the legislature passed the Act of June 18, 1998, P.L. 640 (Act 84), which amended section 8127 of the Judicial Code, 42 Pa.C.S. § 8127, by adding subsection (a)(5). Section 8127(a) of the Judicial Code now states that, as a general rule, the wages of an individual while in the hands of an employer shall be exempt from any attachment, execution or other process. 42 Pa.C.S. § 8127(a). However, this general rule does not apply:

> *upon an action or proceeding:* (1) Under 23 Pa.C.S. Pt. IV (relating to divorce). (2) For support.[1] (3) For board for four weeks or less. . . . (4) Under the act of August 7, 1963 (P.L. 549, No. 290), referred to as the Pennsylvania Higher Education Assistance Agency Act. (5) *For restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding.*

42 Pa.C.S. § 8127(a) (emphasis added).

Act 84 also amended section 9728(b) of the Sentencing Code, which now reads:

> (1) The county clerk of courts shall . . . transmit to the prothonotary certified copies of all judgments for restitution, reparation, fees, costs, fines and penalties which, in the aggregate, exceed $1,000, and it shall be the duty of each prothonotary to enter and docket the same of record in his [or her] office and to index the same as judgments are indexed, without requiring the payment of costs as a condition precedent to the entry thereof. . . .

> (3) The county clerk of courts shall . . . transmit to the . . . agent designated by the county commissioners of the county with the approval of the president judge of the county and to the . . . Department of Corrections . . . copies of all orders

---

1. Section 8127(b) of the Judicial Code states that an order of attachment for support shall have priority over any other attachment, execution, garnishment or wage assignment. 42 Pa.C.S. § 8127(b).

for restitution ..., reparation, fees, costs, fines and penalties....

(5) The ... Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections ... to the ... agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

42 Pa.C.S. § 9728(b).

After Act 84 took effect, Lisa W. Lotz, Clerk of Courts for Butler County, sent a letter to SCI/Albion stating that Boofer owes $1,058.87 in unpaid costs, fines and/or restitution. (*See* O.R., Lotz letter.) Lotz stated, "If [Boofer] is receiving any work assignments in your institution we would appreciate the twenty-percent share of [Boofer's] earnings under Act 84." (O.R., Lotz letter.) Pursuant to Lotz's request, SCI/Albion began forwarding money deducted from Boofer's prison account to the Clerk of Courts' Office of Butler County.

Objecting to these deductions, on October 16, 2000, Boofer filed a writ of habeas corpus[2] challenging the twenty-percent deduction from his inmate account. Boofer also filed an application for leave to proceed *in forma pauperis* and a motion for appointment of counsel. On November 6, 2000, the trial court entered an opinion and order granting Boofer's application to proceed *in forma pauperis,* but denying Boofer's motion for appointment of counsel[3] and his challenge to the twenty-percent deduction.

On February 22, 2001, Boofer filed with the trial court a petition for direct appeal *nunc pro tunc*[4] and permission to continue *in forma pauperis,* asserting that he never received a copy of the November 6, 2000 opinion and order. In an opinion and order dated March 20, 2001, the trial court denied Boofer's petition, finding no evidence that either the Butler County Clerk of Courts or the Court Administrator was negligent in failing to provide Boofer with notice of the November 6, 2000 opinion and order. Boofer filed an appeal from the trial court's orders with the superior court, which sua sponte transferred the matter to this court on June 12, 2001.[5]

2. In their brief to this court, Lotz and William L. Patterson, the Court Administrator (together, Appellees) argue that Boofer's filing of a writ of habeas corpus was not the proper remedy in light of the relief sought by Boofer. Although we agree with Appellees, we point out that the trial court did not deny Boofer's writ on this basis. To the contrary, the trial court treated Boofer's writ of habeas corpus simply as a request to stop the twenty-percent deduction from his prison account.

3. In denying Boofer's motion for appointment of counsel, the trial court concluded that due process did not require the appointment of counsel in the matter because Boofer's claim involved a property interest, and there was no life or liberty interest at stake. *See Harris v.* *Department of Corrections,* 714 A.2d 492 (Pa. Cmwlth.1998).

4. Under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, an inmate may file such a petition with the court of common pleas to restore the inmate's right to appeal. *See Commonwealth v. Lantzy,* 558 Pa. 214, 736 A.2d 564 (1999); *see also Criss v. Wise,* 566 Pa. 437, 781 A.2d 1156 (2001); *Bass v. Commonwealth,* 485 Pa. 256, 401 A.2d 1133 (1979).

5. Our scope of review is limited to determining whether the trial court violated Boofer's constitutional rights, whether the trial court committed an error of law or whether the trial court abused its discretion. *Grosso v. Love,* 667 A.2d 43 (Pa.Cmwlth.1995).

Boofer first argues that the trial court erred in denying his petition to file a direct appeal *nunc pro tunc* from the trial court's November 6, 2000 order. Boofer claimed that he never received a copy of the November 6, 2000 order and that he learned of its existence only after filing a complaint with the Court Administrator of Pennsylvania on February 12, 2001. In support of this claim, Boofer has submitted a form entitled "Inmate's Request To Staff Member," in which Boofer asks the Unit Manager at SCI/Albion to verify that Boofer did not receive any legal mail during the entire month of November 2000. The Unit Manager's response on the form indicates that the Unit Manager checked the legal mail control log and could, in fact, verify that, after November 6, 2000, Boofer received no legal mail until February 17, 2001. (*See* Boofer's brief, Exhibit 1.)

■ We acknowledge the general rule that when mail has been sent to the proper address and not returned, the intended recipient is presumed to actually have received that mail. However, mindful of the unique circumstances facing an incarcerated *pro se* petitioner, our supreme court previously recognized that such general rules may require exceptions in order to provide prisoners with a fair approach to determining timeliness.[6] As illustrated by the present case, receipt of prisoner mail by the prison does not necessarily signify receipt of that mail by the prisoner. By logical extension of the prisoner mailbox rule previously adopted, we conclude that the trial court erred in ignoring Boofer's verifiable evidence that prison officials did not provide Boofer with a copy of the trial court's November 6, 2000 order in time for Boofer to file a timely appeal. We hold that, because of the apparent breakdown in the prison's mail system in this case, Boofer is entitled to an appeal *nunc pro tunc.*

Boofer next argues that the twenty-percent deduction from his inmate account creates a financial burden that he is unable to afford and that there needed to be a determination of his ability to pay that amount before Lotz could request twenty percent of his earnings. (*See* Boofer's brief at 14, 16–17.) We agree.

As indicated above, section 8127(a) of the Judicial Code states that an individual's wages are generally exempt from any attachment, execution or other process; however, an individual's wages may be attached "upon an action or proceeding" for restitution and costs.[7] 42 Pa.C.S. § 8127(a). Where a defendant has defaulted in the payment of restitution and costs, the proper "action or proceeding" is one under section 9730(b) of the Sentencing Code, which provides:

> (1) If a defendant defaults in the payment of a fine, court costs or restitution after imposition of sentence, the issuing authority or a senior judge or senior district justice appointed by the president judge for the purposes of this section may conduct a hearing to determine whether the defendant is financially able to pay. . . .

---

**6.** *See Commonwealth v. Jones,* 549 Pa. 58, 700 A.2d 423 (1997); *Smith v. Pennsylvania Board of Probation and Parole,* 546 Pa. 115, 683 A.2d 278 (1996) (holding that a *pro se* prisoner's appeal shall be construed to be filed when it is deposited with prison officials or placed in the prison mailbox if the prisoner can produce reasonably verifiable evidence of the date he deposited the appeal with prison officials).

**7.** In *Holloway v. Lehman,* 671 A.2d 1179 (Pa. Cmwlth.1996), this court stated that the money in an inmate's personal account is private property that the government cannot take without due process.

(3) If the issuing authority, senior judge or senior district justice determines that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the issuing authority, senior judge or senior district justice may provide for payment in installments. In determining the appropriate installments, the issuing authority, senior judge or senior district justice shall consider the defendant's financial resources, the defendant's ability to make restitution and reparations and the nature of the burden the payment will impose on the defendant. . . .

42 Pa.C.S. § 9730(b); *cf.* Pa. R.Crim. P. 706 (setting forth the procedure governing a defendant's failure to pay fines or costs in a court case).

 Here, there is no indication in the record that Lotz sought a section 9730(b) hearing and court order on Boofer's ability to pay twenty percent of his earnings towards unpaid restitution and costs.[8] Additionally, section 9728(b) of the Sentencing Code does not authorize the clerk of courts to request twenty percent or any other amount as an installment payment. Thus, Lotz had *no* legal basis for requesting a twenty-percent deduction from Boofer's earnings. Moreover, the Department of Corrections does not have any independent authority to determine the amount of the installment payment.

Because Lotz had no legal basis for requesting a twenty-percent deduction from Boofer's earnings, we conclude that the trial court erred in failing to grant Boof-

er's request to stop the illegal twenty-percent deduction from his earnings. Accordingly, we reverse.[9]

### ORDER

AND NOW, this 22nd day of April, 2002, the orders of the Court of Common Pleas of Butler County, dated November 6, 2000 and March 20, 2001, are hereby reversed.

---

**8.** Certainly, it is necessary to hold a hearing to determine whether an inmate's earnings have been attached already for purposes of alimony, child support, unpaid rent or educational debts. *See* 42 Pa.C.S. § 8127(a). Moreover, we note that, by statute, attachment of wages for child support would have priority over attachment for restitution and court costs. *See* 42 Pa.C.S. § 8127(b).

**9.** Boofer also argues that Act 84 should not be applied retroactively to inmates convicted and incarcerated prior to the effective date of Act 84. However, because of our disposition of the ability to pay issue, we need not address the retroactive application issue.