**COMMONWEALTH of Pennsylvania**

v.

**John William RALSTON, Jr., Appellant.**

Commonwealth Court of Pennsylvania.

Submitted May 7, 2002.

Decided June 20, 2002.

---

Ronald N. Thomas, Butler, for appellant.

Leo M. Stepanian, II, Butler, for appellee.

Before SMITH–RIBNER, Judge, and SIMPSON, Judge, and DOYLE, Senior Judge.

OPINION BY Judge SIMPSON.

John W. Ralston, Jr. (Appellant) appeals the May 31, 2000, order of the Court of Common Pleas of Butler County (trial court) which denied his request to order the State Correctional Institute at Laurel Highlands (SCI–Laurel Highlands), at which he was incarcerated, to stop deducting monies from his prison account pursuant to Section 9728 of the Sentencing Code, *as amended*, 42 Pa.C.S. § 9728, commonly referred to as Act 84[1]. We affirm.

On October 18, 1990, Appellant pled guilty to the charges of corruption of minors and indecent assault. The trial court sentenced him to six months to one year, with a maximum release date of October 18, 1991, and to two years of probation following parole. As part of the sentence, Appellant was ordered to pay restitution of $11,660 to the mother of the minor, as well as the costs of prosecution and fines. The trial court's sentence was to run concurrently with the sentence Appellant received from the Court of Common Pleas of Lawrence County on November 3, 1989 of 22½ years to 45 years for a similar criminal conviction.

Appellant filed a motion for a hearing on restitution. Following two hearings, the trial court determined that Appellant had no money or assets, and entered an order holding that he could not be compelled to pay restitution. The order specifically stated that Appellant was no longer directed to pay restitution to the minor's mother, but was silent as to the payment of fines and costs that totaled $1,132.50.

On November 2, 1994, the Clerk of Courts of Butler County (the Clerk) sought collection of the fines and costs by

---

1. Act 84, passed by the General Assembly in June of 1998, amended Section 9728 of the Sentencing Code, 42 Pa.C.S. § 9728, and provided a new subsection (b)(5), authorizing the Department of Corrections to collect fines, costs and restitution from inmate prison accounts and to forward the same to the designated representative of the sentencing county.

sending Appellant a statement of costs. The letter was returned for address verification. On May 27, 1999, the Clerk sent an Act 84 letter to Appellant, which was also returned because of an improper address. On June 10, 1999, the Clerk sent a letter to the Department of Corrections regarding the outstanding costs and fines owed Butler County. The Clerk requested that the Department of Corrections withhold 20 percent monthly from Appellant's prison earnings and to forward the funds to Butler County for payment of fines and costs. Appellant received a letter at SCI–Laurel Highlands on February 15, 2000 notifying him of the request.

■ Appellant, without counsel, filed a motion to stop collecting the fine. On May 31, 2000, the trial court denied Appellant's motion. Again, without counsel, Appellant filed a notice of appeal to the Superior Court, which he later amended. Although counsel had been appointed, Appellant continued to file pleadings himself. On October 26, 2001, the Superior Court issued an order transferring the case to this Court.[2]

■ Appellant raises three issues for our consideration. First, he contends that the amendments to the Sentencing Code contained in Act 84 are not procedural in nature and therefore, should not be applied retroactively. Although he acknowledges our recent decision in *Sweatt v. Department of Corrections*, 769 A.2d 574 (Pa. Cmwlth.2001), in which we decided that Act 84 is procedural in nature and may be applied retroactively, he contends that we wrongly decided the issue because the collection of court-ordered obligations can be

penal in nature, especially when the time of incarceration may be increased for failure to pay.

As we noted in *Sweatt*, Act 84 "neither defines a criminal offense committed by a Petitioner nor imposes additional fines and/or punishment against him." *Id.* at 576. Appellant does not raise any issues that were not ably addressed in *Sweatt*, and we therefore decline the invitation to revisit the issue. The mandate of Act 84 is merely a change in the method of the collection of costs and fines, and thus is procedural in nature.

■ Next, Appellant argues that Butler County had no authority over him for the collection of fines and costs because the county failed to timely collect or attempt to collect the amount due.[3] In support, he cites *Commonwealth v. Facer*, 447 Pa.Super. 352, 669 A.2d 385 (1995), in which he contends the Superior Court was faced with a similar issue.

Appellant's situation, however, is clearly distinguishable from the appellant's situation in *Facer*. In that case, the trial court issued an order discharging the defendant from probation stating that all probation conditions had been fulfilled. The Superior Court held that once 30 days had passed from the date of the discharge order, the time to appeal the order had passed, and the lower court lacked jurisdiction over the defendant to pay restitution. Contrary to Appellant's assertion, the Clerk had authority to collect or receive the funds from his account. The specific language of Act 84 permits the collection of costs, fines and restitution in

2. Our review of the trial court's order is limited to determining whether constitutional rights have been violated and whether the trial court committed an error of law or abused its discretion. *Boofer v. Lotz*, 797 A.2d 1047 (Pa.Cmwlth.2002)

3. Specifically, he argues that the Clerk did not collect from him the amount due before the expiration of his sentence and probationary period on October 18, 1993. Moreover, he suggests that the last possible date the trial court could have exercised jurisdiction over him was November 1994, when Appellant's post-sentencing proceedings were completed.

excess of the maximum term of commitment.[4]

Lastly, Appellant contends that the Clerk had no authority to collect the costs and fines because no judgment had been entered against him. Contrary to the contention of Appellant, the trial court entered a judgment of sentence that included payment of the fines and costs. Accordingly, the argument is without merit.[5]

The order of the trial court is affirmed.

### ORDER

AND NOW, this 20th day of June, 2002, the order of the Court of Common Pleas of Butler County is affirmed.

---

4. (c) Period of time.—Notwithstanding section 6353 (relating to limitation on and change in place of commitment) or 18 Pa.C.S. § 1106(c)(2) (relating to restitution for injuries to person or property), the period of time during which such judgments shall have full effect may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crimes of which he was convicted or the maximum term of confinement to which the offender was committed.

5. Appellant also suggests that the Clerk was not properly designated pursuant to 42 Pa. C.S. § 9728 by Butler County as the agent for the collection of fines, costs and restitution and therefore, that she had no authority to do so. Appellant has the burden of proving that the Clerk did not have the proper authority or that her office was not the proper agency to collect the money owed. Appellant failed to do this before the trial court by pleading or otherwise. More importantly, Appellant has raised this issue for the first time on appeal and accordingly it is waived. Pa. R. A.P. 302(a).