Shawn HARVEY, Petitioner,

v.

DEPARTMENT OF CORRECTIONS,
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 31, 2003.
Decided May 21, 2003.

Shawn Harvey, petitioner, pro se.

Timothy A. Holmes, Camp Hill, for respondent.

BEFORE: COLINS, President Judge, and FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

OPINION BY President Judge COLINS.

Shawn Harvey (Harvey), currently an inmate in a state correctional facility, filed a petition for review asserting that the Department of Corrections (Department) has improperly garnished his inmate account for the purpose of collecting court costs imposed as part of Harvey's criminal sentence. In response to Harvey's petition the Department has filed for our instant review a preliminary objection in the nature of a demurrer.

The Department perceives Harvey's petition as alleging only that the sentencing court did not direct him to pay the costs included in his sentence while he is incarcerated. However, we believe that Harvey is actually asserting that, even with a sentencing order directing payment while incarcerated, the Department lacks the authority to withdraw money from his inmate account. Harvey, while acknowledging that the sentence he received includes "fines, cost and or restitution" (Petition, p. 1), asserts that "the Courts", presumably the sentencing court, did not direct him to start making such payments, but rather instructed him to make such

payments "upon Petitioner's release from custody, whether it be on Parole or serving the maximum sentence imposed by the sentencing Judge or Judges." Harvey also makes reference to Section 9728(b) of the Sentencing Code, 42 Pa.C.S. § 9728(b), which relates to the procedures for the collection of restitution, reparation, fees, costs, fines and penalties.

Harvey states that "[t]he Department ... is currently without a **Court Order Garnishing Petitioner's inmate account** ...." (Emphasis added.) That averment indicates that Harvey believes that, before the Department may assert its general authority under Section 9728(b)(5) of the Sentencing Code "to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other Court-ordered obligation," it needs more than simply the sentencing court's order (including payment of such items as costs as part of the sentence) before proceeding to withdraw money from an inmate's account.

With regard to the specific relief Harvey requests, we quote his petition: "Wherefore, for the foregoing reasons set forth in this Petition to Motion the Commonwealth to SHOW CAUSE and set a hearing for such Petitioner prays that this Court GRANTS such relief." Harvey fleshes out the relief he seeks in the Conclusion section of his brief in opposition to the Department's demurrer by stating "this Petitioner respectfully requests injunctive relief pending disposition of required hearing Pursuant to 42 Pa.C.S. § 9730b; Also See Boofer ...."

Thus, contrary to the Department's assertions, we believe that Harvey is asserting more than merely the absence of a

sentencing order directing payment of costs while Harvey is incarcerated.

The "Boofer" decision to which Harvey refers is *Boofer v. Lotz,* 797 A.2d 1047 (Pa.Cmwlth.2002). In that case this Court reviewed an appeal of a trial court decision addressing an inmate's petition seeking to stop a clerk of court from deducting twenty percent from his prison account to satisfy court costs. The case centered on what is generally referred to as Act 84.[1] Act 84 amended several sections of the Judicial Code, some specifically in the Sentencing Code. As noted by the Court in *Boofer,* Act 84 exempted **wages** of individuals while in the hands of an employer from attachment, but included an exception to that general rule "[f]or restitution to crime victims, costs, fines or bail judgments pursuant to an order entered by a court in a criminal proceeding." 42 Pa.C.S. § 8127(a).

In *Boofer,* the Butler County Clerk of Courts sent a letter to a state correctional facility requesting the facility to deduct twenty percent of Boofer's **earnings** from his inmate account. The facility then began forwarding money from Boofer's prison account to the Clerk of Court's Office. Boofer filed a habeas corpus petition with the trial court challenging the deduction. The trial court denied Boofer's challenge to the deduction.[2] Boofer argued that the deduction created "a financial burden that he is unable to afford and that there needed to be a determination of his ability to pay that amount before [the Clerk of Courts] could request twenty percent of his earnings." 797 A.2d at 1050.

The Court in *Boofer* noted the right to seek attachment of an inmate's **wages** under Act 84, specifically that

1. Act of June 18, 1998, P.L. 640.

2. The trial court had also denied Boofer's request for a nunc pro tunc appeal. That

aspect of this Court's review in the case is not pertinent to the issue presented in this case.

an individual's **wages** may be attached 'upon an action or proceeding' for restitution and costs. 42 Pa.C.S. § 8127(a). Where a defendant has defaulted in the payment of restitution and costs, the proper 'action or proceeding' is one under section 9730(b) of the Sentencing Code, which provides:

> (1) If a defendant defaults in the payment of a fine, court costs or restitution after imposition of sentence, the issuing authority or a senior judge or senior district justice appointed by the president judge for the purposes of this section may conduct a hearing to determine whether the defendant is financially able to pay . . . .

> (3) If the issuing authority, senior judge or senior district justice determines that the defendant is without the financial means to pay the fine or costs immediately or in a single remittance, the issuing authority, senior judge or senior district justice may provide for payment in installments. In determining the appropriate installments, the issuing authority, senior judge or senior district justice shall consider the defendant's financial resources, the defendant's ability to make restitution and reparations and the nature of the burden the payment will impose on the defendant . . . .

> 42  Pa.C.S. § 9730(b) . . . .

797 A.2d at 1050–1051 (footnote omitted, emphasis added).

The Court noted that the record contained no indication that the Clerk of Court had sought a hearing under Section 9730(b) to determine Boofer's ability to pay. Additionally, the Court stated,

> Section 9728(b) of the Sentencing Code does not authorize the clerk of courts to request twenty percent or any other amount as an installment payment. Thus, [the Clerk of Court] had

*no* legal basis for requesting a twenty-percent deduction from Boofer's earnings. Moreover, the Department . . . does not have any independent authority to determine the amount of the installment payment.

*Id.* at 1051.

However, as noted above, *Boofer* specifically involved a case in which the Department sought to deduct wages from an inmate's account. The present case does not involve attachment of inmate wages.

Recently, in this Court's decision in *Harding v. Superintendent Stickman of SCI Greene,* 823 A.2d 1110 (Pa.Cmwlth., 2003), the Court addressed a similar issue where an inmate, relying on *Boofer,* argued that Department deductions from his account were not authorized by court order and also that the Department had not afforded him a hearing to determine his financial ability to pay.

Though inartfully drafted, Harvey's petition apparently seeks similar relief. In fact, as noted above, in the conclusion section of Harvey's brief in opposition to the Department's objection, he specifically says he is seeking injunctive relief pending disposition of a hearing required pursuant to 42 Pa.C.S. § 9730(b).

■ A Court reviewing a demurrer to a petition seeking injunctive relief may sustain such an objection only where the underlying petition is clearly insufficient to establish a right to injunctive relief. *Harding,* slip opinion at 2–3. The Court must resolve any doubt in favor of the party seeking the injunction. *Id.*

Similar to the facts in *Harding,* Harvey here did tacitly acknowledge the existence of the sentencing Court's order when he stated in the third paragraph of his petition that "[t]he Courts however did in-

struct Petitioner to make such payment upon Petitioner's release from custody, **whether it be on Parole or serving the maximum sentence imposed by the sentencing Judge or Judges."**

In *Sweatt v. Department of Corrections,* 769 A.2d 574, 577 (Pa.Cmwlth.2001), this Court, while rejecting an inmate's argument that Act 84 should not apply retroactively, recognized the non-penal nature of Act 84, noting that the Act "provides a procedural mechanism for DOC to collect court costs and fines." In that context, the Court approved the Department's deductions from that inmate's account. Additionally, in *Commonwealth v. Lewis,* 804 A.2d 671 (Pa.Super.2002), the Superior Court noted the authority of the Department to make deductions from inmate accounts.

Finally, we note our decision in *Sweeney v. Lotz,* 787 A.2d 449 (Pa.Cmwlth.2001), wherein the Court addressed an inmate's argument that Act 84 violated the constitution by denying him the right to equal protection. The inmate pointed to Section 8123(a) of the Judicial Code, 42 Pa.C.S. § 8123(a), which provides judgment debtors the right to file a $300.00 claim for exemption, and asserted that Act 84 unconstitutionally denied inmates a similar right. However, the Court rejected the inmate's argument, noting the distinctions between the debts of non-incarcerated judgment debtors and inmates' costs and fines. *Id.* at 451. The former are purely civil in nature, while the latter arise solely in the context of a criminal proceeding. *Id.* As noted by the Court, a non-incarcerated judgment debtor may have reasons of necessity for seeking to avoid payment of a judgment—food, clothing, and shelter, whereas inmates will continue to have such necessities provided to him or her. *Id.* at 451–452. In light of these decisions, we cannot conclude that Department has vio-

lated any of Harvey's rights by making deductions from his inmate account.

■ As noted by the Department in its brief in support of its demurrer, Harding had the unexercised opportunity to challenge the sentencing Court's order by filing a *nunc pro tunc* post-conviction proceeding. As in *Harding,* Harvey had an adequate legal remedy at law which he did not seek to exercise.

Because Harvey does not dispute that there is an underlying order of the sentencing court directing him to pay costs while incarcerated, and because he had an adequate remedy at law, we agree with the Department that Harvey's petition fails to state a cause of action for which relief may be granted.

Accordingly, we sustain the Department's preliminary objection in the nature of a demurrer.

### ORDER

AND NOW, this 21st day of May 2003, the preliminary objection in the nature of a demurrer, filed by the Department of Corrections in this matter, is sustained.

DISSENTING OPINION BY Judge FRIEDMAN.

I respectfully dissent based on my dissenting opinion in *Harding v. Superintendent Stickman of SCI Greene,* 823 A.2d 1110 (Pa.Cmwlth., 2003) (Friedman, J., dissenting).