

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-20-2004

# Rill v. Meyers

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-3575

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"Rill v. Meyers" (2004). *2004 Decisions.* Paper 993.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/993

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 02-3575

IRVIN JOHN RILL,

Appellant

v.

ROBERT MEYERS;
ATTORNEY GENERAL OF PENNSYLVANIA.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

(Dist. Court No.  00-cv-1118)
District Court Judge: Thomas I. Vanaskie

Argued: January 13, 2004

Before: ALITO, CHERTOFF, and BECKER, Circuit Judges

(Opinion Filed: February 20, 2004)

JOSHUA D. WOLSON[*] (Argued)
Covington & Burling
1201 Pennsylvania Avenue, N.W.

---

[*]We appreciate the willingness of Mr. Wolson and his firm to undertake the representation of the appellant on a pro bono basis.  Mr. Wolson's excellent briefing and argument ably presented the appellant's position and were of great assistance to the court.

Washington, DC 20004

*Counsel for Appellant*

GEORGE P. SKUMANICK (Argued)
Office of the District Attorney,
County of Wyoming
P.O. Box 209
Tunkhannock, PA 18657

*Counsel for Appellee*

---

OPINION OF THE COURT

---

PER CURIAM:

As we write only for the parties involved we need not repeat the facts of this case. While we have carefully considered Rill's argument that his good faith effort to appeal to the Pennsylvania Supreme Court excused any procedural default, we find that it is not supported by our jurisprudence. We affirm the District Court order denying the habeas petition because Rill did not properly exhaust his claims in the Pennsylvania courts. See 28 U.S.C. §2254(b)(1).

Rill claims that he made a good faith effort to present his appeal to the Pennsylvania Supreme Court and that he procedurally defaulted because of his ineffective appellate counsel. Even if this Court accepted such an argument, however, Rill has never given a sufficient explanation as to why he did not file a petition under Pennsylvania's Post-Conviction Relief Act. See 42 Pa.C.S.A. § 9545. If Rill had done so, the PCRA

2

Court could have heard his ineffective appellate counsel claim, see Commonwealth v. Williams, 782 A.2d 517 (Pa. 2001), and reinstated his appeal to the Pennsylvania Supreme Court, see, e.g., Commonwealth. v. Lantzy, 736 A.2d 564, 571-572 (Pa.1999); Boofer v. Lotz, 797 A.2d 1047, 1049 fn. 4 (Pa.Commw.Ct.. 2002)("Under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541- 9546, an inmate may file such a petition with the court of common pleas to restore the inmate's right to appeal"), which would then have had a full and fair opportunity to hear Rill's federal claims.  See Evans v. Court of Common Pleas, Delaware County, Pa., 959 F2d 1227, 1230 (3d Cir. 1992) cert. dismissed, 113 S.Ct. 1071 (1993).  Rill did not file the PCRA petition and is now time-barred from doing so.  His last filing in the Pennsylvania courts was his petition *nunc pro tunc* to the Pennsylvania Supreme Court, but we have already found such a filing to be an inadequate mode of exhausting claims.  See, e.g., Caswell v. Ryan, 953 F.2d 853 (3d Cir. 1992)

For these reasons, the order of the District Court is affirmed.

3