383 A.2d 1280

**COMMONWEALTH of Pennsylvania**

v.

**Leslie Hale SMITH, Appellant.**

Supreme Court of Pennsylvania.

Argued Nov. 18, 1977.

Decided March 23, 1978.

Michael D. Marino, Joseph W. Lonergan, Norristown, for appellant.

William T. Nicholas, Dist. Atty., Eric J. Cox, Asst. Dist. Atty., for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, POMEROY, NIX, MANDERINO and PACKEL, JJ.

## OPINION OF THE COURT

O'BRIEN, Justice.

Appellant, Leslie Hale Smith, was tried by a judge and jury and was convicted of receiving stolen property, criminal

conspiracy, possession of instruments of crime, possession of a weapon, possession of an offensive weapon, violation of the Uniform Firearms Act, escape, resisting arrest, false report to law enforcement authorities, and unauthorized use of a motor vehicle. Post-verdict motions were denied and judgments of sentence were imposed. The Superior Court affirmed. *Commonwealth v. Smith,* 240 Pa.Super. 212, 361 A.2d 862 (1976). Appellant filed a petition for allowance of appeal, which we granted.

Appellant raises one issue on this appeal. He argued that the trial court erred in granting the Commonwealth's petition for extension of time pursuant to Pennsylvania Rule of Criminal Procedure 1100(c). The facts are as follows.

Appellant and two co-defendants, Robert Leary and Robert Davies, were arrested on June 16, 1974. Under the applicable Rules of Criminal Procedure, appellant was entitled to be tried within 270 days, or by March 13, 1975.[1] The case was first listed for trial on November 18, 1974, but a continuance at the co-defendants' request was granted until December 4, 1974. Appellant did not join in this request. The case was then listed for December 4, 1974, January 27, 1975, and March 3, 1975, but trial was not commenced at any of these times. No explanation was offered for missing the December date. A suppression motion was decided on January 31. Because appellant demanded a jury trial and the criminal trial week was almost over, the case was not called, since it was not possible to hold a jury over to the next week. The case was called for March 3, 1975, but was not reached because the prosecutor assigned to the case was involved in another trial. The case was then called on March 12, 1975, but the January problem recurred, i. e., the inability to hold a jury over after a criminal session has been completed. Since March 12 was the 269th day, the Commonwealth petitioned for and was granted an extension of time until April 28, 1975. On April 15, appellant filed a motion to

1. For any complaint filed after June 30, 1974, or any warrantless arrest made after that date, trial must be commenced within 180 days. Pa.R.Crim.P. 1100(a)(2).

dismiss the charges pursuant to Rule 1100, but that motion was denied. Trial commenced on April 21, 1975.

Pa.R.Crim.P. 1100(c) provides:

"At any time prior to the expiration of the period for commencement of trial, the attorney for the Commonwealth may apply to the court for an order extending the time for commencement of trial. A copy of such application shall be served upon the defendant through his attorney, if any, and the defendant shall also have the right to be heard thereon. *Such application shall be granted only if trial cannot be commenced within the prescribed period despite due diligence by the Commonwealth.* Any order granting such application shall specify the date or period within which trial shall be commenced." (Emphasis added.)

In *Commonwealth v. Shelton,* 469 Pa. 8, 16, 364 A.2d 694, 698 (1976), we stated, ". . . Rule [1100] . . . attempts to eliminate delay due to lack of due diligence on the part of prosecutorial officers." On this record, we believe that the case could have been brought to trial within the original 270-day period had the Commonwealth exercised due diligence.

As of the January 1975 Montgomery County Criminal Court session, the Commonwealth was put on notice of one specific problem. The Commonwealth knew: (1) that appellant was demanding a jury trial; (2) that the projected length of the trial was approximately one week; and (3) that the case could not be called near the end of a session because of the inability to hold a jury past the end of a Criminal Court session. The Commonwealth also knew that trial had to commence on or before March 13, 1975, the 270th day under Rule 1100. After the January session, the Commonwealth further knew that the criminal session commencing in late February would be the last session before the running of the 270-day period. Yet, when the case was called on March 3, the Commonwealth could not proceed because the prosecutor assigned to the case was involved in

another trial. On these facts, we have great difficulty in upholding the trial court's implied finding that the Commonwealth exercised all "due diligence" in attempting to bring appellant to trial within the time required by Rule 1100. Negating the benefit of hindsight as much as possible, we believe the Commonwealth could have exercised due diligence by taking a few reasonable steps.

First, and most important, the Montgomery County District Attorney should have had a prosecutor available to try appellant's case when it was called on March 3. The Commonwealth was aware, or at least should have been aware, that if the case was not tried at that time, trial could not be commenced within 270 days. The Commonwealth knew that a one-week jury trial was involved, and if the case was held over to the next week, the trial could not be conducted because the jury could not be held over. In fact, this is what happened when the case was called on March 12, during the last week of the criminal session. When a case has possible Rule 1100 problems, prosecutors must do everything reasonable within their power to see that the case is tried on time. Thus, when the case was called on March 3, the Commonwealth did not show due diligence by simply explaining that the prosecutor assigned to the case was involved in another trial. The Commonwealth, having knowledge of all facts previously stated, should have had a prosecutor prepared to try the case when it was called on March 3.

We realize, of course, that the situation may well arise where the Commonwealth may be unable to try a case because the available prosecutors are outnumbered by cases having Rule 1100 problems. Here, however, no such explanation was given. It could very well be that on March 3, the prosecutor originally assigned to appellant's case was involved in a trial which also had Rule 1100 implications. We must remember, however, that the Commonwealth has the burden of establishing due diligence and on this record, the Commonwealth has not met its burden. The trial court thus

erred in granting the Commonwealth's petition for extension of time.[2]

Order of the Superior Court reversed and appellant is discharged.

PACKEL, J., took no part in the decision of this case.

POMEROY, J., concurs in the result.

2. In *Commonwealth v. Coleman*, 477 Pa. 390, 383 A.2d 1268 (1978), we held that the Commonwealth exercised all due diligence to justify the granting of an extension of time. The major distinction between *Coleman* and the instant case is that in *Coleman* the Commonwealth had no control over the scheduling of Coleman's trial. The court gave an adequate explanation that the case was called at the earliest possible date. *Coleman* is also distinguishable from the instant case because in *Coleman,* the Commonwealth never had the opportunity to try the defendant before the original Rule 1100 time expired.