## Commonwealth v. Eduardo

496

*Henry S. Perkin, Assistant District Attorney* and *William. H. Platt, District Attorney,* for Commonwealth.

*Samuel R. Kasick* and *Frank J. Madey, Assistant Public Defenders,* and *Thomas A. Wallitsch, Public Defender,* for defendant.

DIEFENDERFER, *J.,* July 29, 1981—This case comes before the court pursuant to the Commonwealth's petition for extension of time for commencing trial under Pa.R.Crim.P. 1100. The Commonwealth's petition was filed with the court on May 4, 1981. A hearing on this petition was heard before the court on June 15, 1981.

A criminal complaint was filed against defendant on November 5, 1980 charging the defendant with indecent assault. A preliminary hearing was scheduled by the district magistrate on November 14, 1980, but the hearing was not held because defendant was not ready. Another hearing was scheduled for November 21, 1980, but was continued because a government witness was unavailable. The preliminary hearing was rescheduled for November 26, 1980, but was continued because defendant's attorney was unavailable. Finally, on December 10, 1980, a preliminary hearing was held and a prima facie case was established at that time. On December 12, 1980 the magisterial transcript was sent to the court and was received by the district attorney on December 19, 1980. The information was filed on January 14, 1981 and date for arraignment was set for January 22, 1981.

The case was first scheduled for the March term of court. It was not held during that term because after being called ready by the Commonwealth, it was not reached or recalled by the court adminis-

trator. The case was next scheduled for the April-May term of court at which time it was not reached for the same reason as in March. The Commonwealth, on May 4, 1981, then filed its petition for an extension of time for commencing trial. Said petition is now before the court for disposition.

The Commonwealth has requested an extension of time within which to bring defendant to trial. A court should grant an extension under Pa.R.Crim.P. 1100(c) only upon a record showing of "due diligence" on the part of the prosecutor and certification that trial is scheduled for the earliest date consistent with the court's business; provided that if the delay is due to the court's inability to try defendant within the prescribed period, the record must show the causes of the court delay and the reason why the delay cannot be avoided: Com. v. Mayfield, 469 Pa. 214, 364 A. 2d 1345 (1976). As to due diligence, the Commonwealth has the burden of proof to show its own diligence. "When a case has possible Rule 1100 problems, prosecutors must do everything reasonable within their power to see that the case is tried on time." Com. v. Smith, 477 Pa. 424, 428, 383 A. 2d 1280, 1282 (1978). Therefore, in this case the district attorney has the burden of demonstrating that he did everything within his power to have the case tried within the time period specified by Rule 1100. The district attorney's office called this case ready in both the March and April terms of court but because of its place on the list of cases for trial, the case was not reached during either term. Both of these terms were within the time period. The deputy court administrator testified that the ultimate decision on moving any case forward or backward on the list rested with the court administrator's office. On neither list was this case moved. The court ad-

ministrator is under the direction of the court, not the district attorney's office and is not a prosecutional arm, but is an impartial entity established to administer justice evenhandedly, See Com. v. Lewis, decided May 15, 1981 (Slip Opinion No. 2801 October Term, 1978). Judicial delay or scheduling may justify an extension of time within which to commence trial. The calendaring of cases is ultimately within the power and responsibility of the trial court: Com. v. Mayfield, supra. Here the delay in trial was due to the scheduling of cases by the court administrator and the long list of cases for trial. This delay is then attributable to the trial court and not the district attorney's office. The district attorney was ready to proceed with the trial, but was unable to because the case was simply not reached. Since no fault can be found with the district attorney, he has carried his burden of demonstrating he did all in his power to have the case tried within the 180 days.

Said petition for extension is hereby granted.

ORDER

Now, July 29, 1981, the prayer of the Commonwealth's petition is hereby granted and the Commonwealth is granted an extension of time for commencing trial. Said trial is to be held during the August term of criminal court and not later than August 14, 1981.