**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Kelly LEWIS, Appellee.**

Superior Court of Pennsylvania.

Submitted Feb. 4, 2002.

Filed July 24, 2002.

Michael W. Streily, Deputy Dist. Atty., Pittsburgh, for Commonwealth, appellant.

Patrick J. Thomassey, Monroeville, for appellee.

Before STEVENS, BECK, and TAMILIA, JJ.

STEVENS, J.

¶ 1 The Commonwealth appeals from the May 2, 2001 order dismissing its prosecution pursuant to Pa.R.Crim.P. 600 by the Court of Common Pleas of Allegheny County.[1] After reviewing the record and the parties' briefs, we affirm.

¶ 2 The Commonwealth arrested Kelly Lewis ("Appellee") in late 1998 on a criminal homicide charge. In September of 2000, after several pre-trial motions, the trial court, Appellee, and Assistant District Attorney Daniel Fitzsimmons ("ADA Fitzsimmons"), selected January 8, 2001 as the trial date and agreed that January 22, 2001 was the adjusted run date.

¶ 3 The Commonwealth arranged, in December of 2000, for an alleged key witness to be extradited from a New York State Correctional facility, where he was serving a sentence of incarceration, to Pittsburgh for Appellee's trial.[2] ADA Fitzsimmons went on vacation from December 22, 2000, until January 8, 2001, the date on which jury selection was to begin. ADA Fitzsimmons provided New York authorities with the name of another prosecutor to contact if any problems arose in securing the witness' appearance while ADA Fitzsimmons was away on vacation for the two weeks preceding January 8.

¶ 4 On January 4, 2001, the Allegheny County District Attorney's Office discovered there were problems in securing the witness' presence until at least January 8 or January 9. The District Attorney's Office neglected to inform the trial court that there would be a delay in securing the witness' presence.

¶ 5 On January 8, during jury selection, ADA Fitzsimmons belatedly informed the trial court that he could not timely secure the witness, who remained in custody in New York. The trial court's opinion states its findings on the course of events leading up to January 8:

> [T]he Commonwealth could have proceeded without [the witness, but] the prosecutor vacillated and chose to obtain his presence after all. The prosecutor, however, failed to inform this Court of any difficulties in producing [the witness] for trial until January 8, 2001. By then, six (6) prospective jurors had been chosen.
>
> Inquiry by this Court disclosed that the prosecutor had taken a vacation from mid-December until the date of

---

1. The order followed reconsideration of the court's January 30, 2001 order, which it vacated and reinstated on May 2, 2001.

2. In September of 2000, the witness was arrested in New York and offered information regarding Appellee. On November 30, 2000, ADA Fitzsimmons began his contact with the Assistant District Attorney of the County of New York to secure the witness' presence for trial. On December 15, 2000, ADA Fitzsimmons agreed to a limited immunity provision supplied by the New York Assistant District Attorney.

trial, leaving the responsibility of obtaining the witness in the hands of a clerk. Trial Court Opinion, Filed 7/16/01, at 6.

¶ 6 The trial court contacted the New York court, secured the witness' presence for January 10, and sought to reschedule jury selection for January 16. ADA Fitzsimmons chose to commence another high-profile case on that date, further causing delay of the within case involving a charge of criminal homicide. The trial court continued jury selection until January 26 and commencement of the trial until January 29. On January 19, ADA Fitzsimmons informed the trial court that his other case was proceeding slower than anticipated and requested another continuance. The trial court refused, and on January 26, jury selection began with another assistant district attorney, Lisa Pellegrini, Esq., assigned to the case.

¶ 7 The record indicates that "the jury for this matter was selected on Friday [January 26], and yesterday [Monday, January 29] when we were ready to begin trial the Commonwealth indicated to the Court it had some witness problems." N.T., 1/30/01, at 1. During the time that the Commonwealth and trial court attempted to locate the witnesses, Appellee raised an oral Pa.R.Crim.P. Rule 1100 [3] (now Rule 600) Motion to Dismiss.[4] The trial court conducted an evidentiary hearing and granted the motion to dismiss. The Commonwealth filed a Motion to Reconsider,

and the trial court vacated its order. On May 2, 2001, the court re-affirmed its order, finding that the Commonwealth was not duly diligent in bringing Appellee to trial.[5] This timely appeal followed.[6]

¶ 8 Our standard of review in a Rule 600 issue is whether the trial court abused its discretion. *Commonwealth v. Matis*, 551 Pa. 220, 227, 710 A.2d 12, 15 (1998). Our scope of review when determining the propriety of the trial court is limited to the evidence in the record, the trial court's Rule 600 evidentiary hearing, and the trial court's findings. *Commonwealth v. Hill*, 558 Pa. 238, 244, 736 A.2d 578, 581 (1999) (*citing Matis*, 551 Pa. at 227, 710 A.2d at 15). We must also view the facts in the light most favorable to the prevailing party, in this case, Appellee. *Commonwealth v. Edwards*, 528 Pa. 103, 105, 595 A.2d 52, 53 (1991).

■ ¶ 9 Due diligence is determined on a case-by-case basis. *Hill*, 558 Pa. at 256, 736 A.2d at 588. Due diligence does not require perfect vigilance and punctilious care, only a reasonable effort by the Commonwealth to bring the defendant to trial in a timely manner. *Id.* The Commonwealth has the burden of proving that it acted in a duly diligent manner in bringing the defendant to trial within Rule 600 requirements. *Matis, supra.* The Commonwealth asserts that ADA Fitzsimmons

---

3. Rule 1100 has since been renumbered Rule 600 as part of the renumbering and reorganization of the Rules of Criminal Procedure, adopted March 1, 2000 and effected on April 1, 2001. To accord with present numbering, we refer to Rule 600 throughout this decision.

4. The language of Rule 600(b) and (g), and the commentary for Rule 600, indicate that the motion may have been untimely because it was made after jury selection. The Commonwealth, however, has not raised this issue for our review, and, therefore, it is waived.

5. The Commonwealth also appealed to the trial court on the basis that the run-date of January 22 should have been adjusted to February 6; however, the trial court denied that appeal. The Commonwealth has abandoned that issue in its appeal to this Court and chooses to appeal solely on the basis of due diligence.

6. All Pa.R.A.P.1925 requirements have been met.

was duly diligent in bringing Appellee to trial on time. We disagree.

¶ 10 Once a case has possible Rule 600 problems, prosecutors are required to do everything that is reasonable in their power to try the case in time. *Commonwealth v. Smith,* 477 Pa. 424, 428, 383 A.2d 1280, 1282 (1978). In *Smith,* the Supreme Court decided that the Commonwealth was aware, or at least should have been aware, that if the case was delayed any further, the trial could not commence within the time requirements.[7] The Court further stated:

> [W]hen the case was called on March 3, the Commonwealth did not show due diligence by simply explaining that the prosecutor assigned to the case was involved in another trial. The Commonwealth, having knowledge of all facts previously stated, should have had a prosecutor prepared to try the case when it was called on March 3.
>
> We realize, of course, that the situation may well arise where the Commonwealth may be unable to try a case because the available prosecutors are outnumbered by cases having Rule 1100 problems. Here, however, no such explanation was given. It could very well be that on March 3, the prosecutor originally assigned to appellant's case was involved in a trial which also had Rule 1100 implications. We must remember, however, that the Commonwealth has the burden of establishing due diligence and on this record, the Commonwealth has not met its burden.

*Smith,* 477 Pa. at 428, 383 A.2d at 1282. We find that the Commonwealth similarly fails to meet its burden here.

¶ 11 Since there is nothing in the record to contradict the trial court's findings, and in viewing the facts in the light most favorable to Appellee, the prevailing party, we have no choice but to affirm and find a lack of due diligence on the part of the Commonwealth. ADA Fitzsimmons was present when both parties and the court determined January 22, 2001, to be the run-date. ADA Fitzsimmons and the District Attorney's Office should have timely notified the trial court that there were troubles in securing the witness as soon as the problem arose.

¶ 12 Moreover, ADA Fitzsimmons was or should have been well aware that there were Rule 600 issues when he asked that the trial not start on January 16 because he preferred the lure of another high-profile case. As the trial court found, "Other than the high-profile nature of the other case, the prosecutor's decision is inexplicable." Trial Court Opinion at 6. The Commonwealth has not offered any evidence, nor do we find any in the record, to indicate that more urgent Rule 600 cases compelled it to postpone Appellee's case beyond the adjusted run-date. Rather, it appears the Commonwealth simply preferred to try its high-profile case first, at the expense of Appellee's statutory right to prompt trial. As a result, we find that the Commonwealth was not duly diligent in trying to begin the case before the 365 days had expired.

¶ 13 On January 26, 2001, ADA Lisa Pellegrini took over the prosecution of the within case. Again, ADA Fitzsimmons knew or should have known the pending time problems with this case and easily could have had another prosecutor assigned in his place. Thus, the trial court correctly found that ADA Fitzsimmons'

---

7. At the time *Smith* was decided, Rule 1100 required that trial be commenced within 270 days.

decision in failing to timely notify the trial court of the problems with the availability of a witness and his decision to postpone this case in order to try another high profile case showed a lack of due diligence.

¶ 14 We have no choice but to find that the Commonwealth was not duly diligent in bringing Appellant to trial within the requirements of Rule 600. We affirm the order of dismissal.

¶ 15 Affirmed.