J-S26043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
NADIM ZUHAIR JAOUNI :
:
Appellant : No. 1361 MDA 2016

Appeal from the Judgment of Sentence July 20, 2016
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0006709-2013

BEFORE: BOWES, DUBOW, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.: **FILED OCTOBER 20, 2017**

Appellant, Nadim Zuhair Jaouni, appeals from the judgment of
sentence entered in the York County Court of Common Pleas following his
bench trial and conviction for driving under the influence ("DUI")[1] and
exceeding the speed limit.[2] He argues the Commonwealth did not exercise
due diligence and therefore the trial court erred in denying his motion to
dismiss pursuant to Pa.R.Crim.P. 600. We agree and are constrained to
reverse and vacate Appellant's judgment of sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S. § 3802(a)(1).

[2] 75 Pa.C.S. § 3362.

Appellant was initially charged with the aforementioned offenses by criminal complaint on June 10, 2013. Due to continuances requested by Appellant, his preliminary hearing was held on September 18, 2013. On September 30, 2013, Appellant applied for the Accelerated Rehabilitative Disposition Program ("ARD"), but was rejected on November 13, 2013. A pretrial conference was scheduled for January 9, 2014, after which the case was continued several times, until June 17, 2015, at the behest of Appellant.

A pre-trial conference was finally held on June 17, 2015, at which Appellant requested that the assigned judge recuse herself. The assigned judge did so the next day and Appellant's case was reassigned to Judge Kelley. However, Judge Kelley resigned from the bench and the case was reassigned, on August 7, 2015, to Judge Trebilcock. After Judge Trebilcock was called into active military duty, the case was reassigned to Judge Ness on October 28, 2015.

On July 12, 2016, Appellant filed a motion for dismissal pursuant to Pa.R.Crim.P. 600. On that same day, Judge Ness conducted a hearing regarding the motion. Rule 600 required Appellant to be tried within one year of the date of the complaint, absent any time not attributable to the Commonwealth.[3] Pa.R.Crim.P. 600(A), (C). At the Rule 600 hearing, the

_____

[3] The Rule 600 mechanical run date is 365 days from the date a criminal complaint is filed. **See Commonwealth v. Murray**, 879 A.2d 309, 314 (Pa. Super. 2005).

Commonwealth asserted that the case could not be tried between mid-January 2016 through late May 2016 because the toxicologist who analyzed Appellant's blood alcohol content was on maternity leave. Judge Ness also explained that he had tried cases every day during the 2016 January, March, and May terms. Judge Ness specifically concluded that 68 days remained within Rule 600 to try the case. Therefore, Judge Ness denied Appellant's motion to dismiss the case pursuant to Rule 600. In so doing, the judge specifically stated that his decision was based upon "the unavailability of the toxicologist as well as the continuous reassignment by Court Administration, who is not the DA to various judges." N.T. Rule 600 Hr'g, 7/12/16, at 8.

Ultimately, Appellant's case was tried before Judge Christy H. Fawcett on July 20, 2016. After the bench trial, Appellant was convicted and sentenced to six months' probation and a three hundred dollar fine. Appellant filed the instant timely appeal and a timely court ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive opinion.

Appellant raises the following issue for review:

> The trial court erred when it denied Appellant's Rule 600 motion when the Commonwealth failed to exercise due diligence in bring Appellant's case to trial?

Appellant's Brief at 4.

Appellant argues that the trial court erred by denying his Rule 600 motion because he was tried well after his Rule 600 run date and the Commonwealth failed to prove that such delay could not have been

- 3 -

prevented through the exercise of the Commonwealth's due diligence. To this end, Appellant specifically asserts:

> At the Rule 600 hearing, the Commonwealth put on no evidence to establish any of its assertions, but instead the prosecutor made unsworn assertions as fact. Thus, there is no evidence of record to support the Commonwealth's claims that it exercised due diligence and the delays were excusable.
>
> Even if there was competent evidence on which this Court could rely, [Appellant's] case was listed as a bench trial by at least as early as June 17, 2015. The Commonwealth was not limited to trying this case during the "every other month" jury trial terms in York County. As noted by counsel during the Rule 600 hearing, the case had been listed for 391 days. More importantly, the Commonwealth controls when cases are brought to trial in York County, not the trial courts and not defendants. Any one of at least four criminal court judges could have tried this case at any point between June 17, 2015 and July 20 2016 had the Commonwealth been adequately keeping track of Rule 600 time. The Commonwealth presented no evidence that any of the judges had a full docket, that it checked with any of these judges in order to list a bench trial, or that it was even aware that a case filed in 2013 may just possibly have Rule 600 issues in 2016.

Appellant's Brief at 14-15 (citation and footnote omitted).

Appellant also contends that the trial court erred by finding that the time the Commonwealth's toxicologist was unavailable on maternity leave from January 2016 until May 2016 was excusable for purposes of Rule 600. Appellant emphasizes that the Commonwealth admitted at the Rule 600 hearing that a different toxicologist could have testified if given the opportunity to re-review the results in anticipation of a firm trial date. N.T. at 7-8. However, Appellant points out, the Commonwealth both failed to

request a firm trial date and failed to procure a re-review of the toxicology results in light of the upcoming, foreseeable maternity leave and time concerns presented by Rule 600. We agree and are constrained to vacate Appellant's judgment of sentence.

Our standard and scope of review in analyzing a Rule 600 issue are both well-settled:

> In evaluating Rule 600 issues, our standard of review of a trial court's decision is whether the trial court abused its discretion. Judicial discretion requires action in conformity with law, upon facts and circumstances judicially before the court, after hearing and due consideration. An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence or the record, discretion is abused.
>
> The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

**_Commonwealth v. Peterson_**, 19 A.3d 1131, 1134-35 (Pa. Super. 2011) (citations omitted) (_en banc_).

Regarding Rule 600 this Court has held:

> Pennsylvania Rule of Criminal Procedure 600 was designed "to protect a defendant's speedy trial rights, as well as society's right to effective prosecution of criminal cases." The Rule mandates, _inter alia_, that a defendant must be tried on criminal charges no later than 365 days after the criminal complaint is filed. Pa.R.Crim.P. 600(A)(1, 3).

_____

7 We note that a new Rule 600 was adopted, effective July 1, 2013, "to reorganize and clarify the provisions of the rule in view of the long line of cases that have construed the rule." Pa.R.Crim.P. 600, Comment. However, because the criminal complaint in this case was filed prior to the new rule, we will apply the former version of Rule 600.[4]

_____

This straightforward calculation is known as the mechanical run date. However, those periods of delay caused by a defendant are excluded from the computation of the length of time of any pretrial incarceration. Pa.R.Crim.P. 600(C). Following these exclusions, if any, we arrive at an adjusted run date by extending the mechanical run date to account for these exclusions. Any other delay that occurs, despite the Commonwealth's due diligence, is deemed excusable and results in further adjustments to the effective run date. Pa.R.Crim.P. 600(G)

After the expiration of the 365–day period, but before trial, a defendant may move for dismissal of the charges with prejudice. *See* Pa.R.Crim.P. 600(G). Thereafter, the trial court is required to hold a hearing to determine whether the Commonwealth "exercised due diligence and [whether] the circumstances occasioning the postponement were beyond the control of the Commonwealth," in which case, the motion should be denied. *Id.* When considering whether the Commonwealth acted with due diligence, we note:

"[T]he Commonwealth must do everything reasonable within its power to guarantee that a trial begins on time," and the Commonwealth has the burden of demonstrating by a preponderance of the evidence that it exercised due diligence. "As has been oft stated, [d]ue diligence is fact specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a

_____

4 In the instant case, the criminal complaint was filed on June 10, 2013, therefore we also apply the former version of Rule 600. Further, the amendments to Rule 600 do not affect the result in this case.

showing the Commonwealth has put forth a reasonable effort."

***Commonwealth v. Dixon***, 140 A.3d 718, 722–723 (Pa. Super. 2016) (internal case citations omitted), *appeal denied*, 159 A.3d 938 (Pa. 2016).

When calculating time in regards to a Rule 600 analysis, this Court has drawn a distinction between "excludable time" and "excusable delay." ***Commonwealth v. Goldman***, 70 A.3d 874, 879-80 (Pa. Super. 2013). "Excludable time is delay that is attributable to the defendant or his counsel." ***Id.*** at 879. "Excusable delay is delay that occurs as a result of circumstances beyond the Commonwealth's control and despite its due diligence." ***Id.***

The Commonwealth can demonstrate due diligence, in regards to Rule 600, by, *inter alia*, listing a case for trial prior to the run date and by keeping adequate records to ensure compliance with Rule 600. ***See Commonwealth v. Hill***, 736 A.2d 578 (Pa. 1999). However, this Court has held that unsworn assertions by the district attorney alone are insufficient evidence of the Commonwealth's due diligence. ***Commonwealth v. Johnson***, 852 A.2d 315, 318 (Pa. Super. 2004) (Commonwealth could not establish due diligence, for purposes of a Rule 600 motion, by relying solely upon unsworn representations of an assistant district attorney).

In addition, we note that judicial delay can be the basis for the extension of a Rule 600 run date if the trial court "has devoted a reasonable amount of its resources to the criminal docket and that it scheduled the

- 7 -

criminal trial at the earliest possible date consistent with the court's business." **Commonwealth v. Williams**, 726 A.2d 389, 392 (Pa. Super. 1999). Moreover, this Court has held that, when calculating time for purposes of Rule 600, a trial court can excuse time attributable to the unavailability of a key witness. *See Commonwealth v. Hunt*, 858 A.2d 1234, 1243 (Pa. Super. 2004) (*en banc*). However, once a case is in danger of running afoul of Rule 600, the Commonwealth must take all reasonable steps to try the case in time. *See Commonwealth v. Lewis*, 804 A.2d 671, 674 (Pa. Super. 2002) (Commonwealth did not exhibit sufficient due diligence by failing to notify the trial court of potential problems regarding procuring a witness and by postponing the trial of a case, with no regard for a likely arising Rule 600 violation). Ultimately, the burden of ensuring that a trial commences before a Rule 600 violation has occurred rests with the Commonwealth. **Commonwealth v. Lynn**, 815 A.2d 1053, 1059 (Pa. Super. 2003).

In the case *sub judice*, the complaint was filed on June 10, 2013, making the mechanical run date June 10, 2014. The trial court found, and Appellant concedes, that delays attributable to Appellant during the period from June 10, 2013 through June 17, 2015 ("initial period"), equaled at least 624 days. Trial Ct. Op. at 5; Appellant's Brief at 13. As noted by the Appellant, the total number of days between June 10, 2013 and June 17, 2015, equals 737 days. Appellant's Brief at 13. However, 113 days during

the initial period were not attributable to Appellant, based on the following calculations:

- Complaint filed June 10, 2013-Appellant continuance request July 24, 2013-44 days not attributable to Appellant.

- Appellant continuance request July 24, 2013-Preliminary hearing September 18, 2013—56 days attributable to continuances by Appellant.

- September 18, 2013 to September 30, 2013—12 days not attributable to Appellant.

- Appellant applied for Accelerated Rehabilitative Disposition September 30, 2013 to Appellant rejected from ARD program November 13, 2013—44 days attributable to Appellant.

- November 13, 2013 to Pre-trial conference January 9, 2014—57 days not attributable to Appellant.

- January 9, 2014 to June 17, 2015—524 days attributable to Appellant's continuance requests.

Thus, after accounting for the 624 days attributable to Appellant, the adjusted Rule 600 run date would be February 24, 2016. Appellant was not tried until July 20, 2016, well after the adjusted run date. The trial court found that the time between mid-January 2016 until late May 2016 was excusable for purposes of Rule 600 because the toxicologist responsible for reviewing Appellant's toxicology results was unavailable to testify due to maternity leave. We disagree.

In **Hunt,** this Court held that the time in which the Commonwealth was unable to locate the victim in that case, an integral witness, was

excludable for purposes of Rule 600. *See Hunt*, 858 A.2d at 1243. However, in the instant case, the Commonwealth acknowledged that in the unusual circumstances of a maternity leave, another pathologist could have been employed to re-review and testify regarding Appellant's toxicology results had a firm trial date been set. N.T. at 7-9. The Commonwealth failed to make any efforts to procure the testimony of another toxicologist, even though the case was in imminent danger of violating Rule 600. It is the Commonwealth's duty to make such reasonable efforts in order to comply with Rule 600. *Lewis*, 804 A.2d at 674.

Further, the trial court also found the time period between June 18, 2015 and October 28, 2015 to constitute excusable time due to the judicial transfers the case endured. *See Williams*, 726 A.2d at 392. However, it was incumbent on the Commonwealth to ensure that a trial would commence within the Rule 600 run date. *See Lynn*, 815 A.2d at 1059. At the Rule 600 hearing, the Commonwealth failed to produce any evidence, absent the unsworn assertions of the prosecutor, that the Commonwealth made any concrete efforts to notify the trial court of any impending Rule 600 problem necessitating the expeditious scheduling of this case for trial. Therefore, the Commonwealth failed to establish that it exercised the due diligence necessary to excuse the time period between June 18, 2015 and October 28, 2015 for purposes of Rule 600. *See Johnson*, 852 A.2d at 316-17; *Lewis*, 804 A.2d at 674.

While the Commonwealth is not required to operate with perfect vigilance and punctilious care in regards to Rule 600, a reasonable effort toward compliance is integral to the judicial process and the defendant's right to a speedy trial. *See Dixon*, 140 A.3d at 722–723. In this case, the Commonwealth failed to present a scintilla of evidence that it put forth any effort to comply with Rule 600 or exhibited any sense of urgency to try this case until Appellant filed his Rule 600 motion, over three years after the criminal complaint was filed. While we acknowledge the York County trial court's busy judicial calendar for the period between October 2015 and July 2016, as noted by Judge Ness during the Rule 600 hearing, an active docket does not excuse the Commonwealth from the duty to make reasonable efforts to ensure compliance with Rule 600. *See Lynn*, 815 A.2d at 1059. Accordingly, we are constrained to reverse the trial court and vacate Appellant's judgment of sentence.

Judgment of sentence vacated. Appellant discharged. Jurisdiction relinquished.

Judge Dubow joins the Memorandum.

Judge Bowes files a Concurring Memorandum in which Judge Dubow joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/20/2017