J-A04012-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ALLAN RICHARDSON | : | |
| | : | |
| Appellant | : | No. 2572 EDA 2018 |

Appeal from the Judgment of Sentence Entered April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0007111-2016

BEFORE: LAZARUS, J., NICHOLS, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                             **FILED MAY 24, 2022**

Allan Richardson appeals from the judgment of sentence, entered in the Court of Common Pleas of Philadelphia County, following his convictions for one count each of carrying a firearm without a license[1] and carrying firearms on public streets in Philadelphia,[2] both violations of the Uniform Firearms' Act (VUFA). This case now returns to us after remand. After review, we vacate Richardson's convictions, judgment of sentence, and we discharge him.

On August 23, 2013, in Philadelphia, Pennsylvania, Richardson was arguing with his girlfriend on a public street. Neighbors and nearby onlookers got involved and, during the event, Richardson was attacked with a crowbar, and gunshots were fired. No gun was recovered from the scene.

---

[1] 18 Pa.C.S.A. § 6106.

[2] *Id.* at § 6108.

We previously summarized the underlying procedural history as follows:

On June 3, 2016, a criminal complaint was filed charging [Richardson] with the aforementioned VUFA offenses and eight additional counts, including attempted murder and aggravated assault. A preliminary hearing was scheduled for June 23, 2016, but[,] at the request of the Commonwealth[,] it was continued to July 8, 2016. On July 5, 2016, the scheduled preliminary hearing was cancelled. [Richardson] was held for court by an indicting grand jury on July 22, 2016. At an August 23, 2016 scheduling conference, the court set trial for August 7, 2017. The docket entry for the scheduling conference reads: "Jury trial is scheduled: 8/7/17, Rm 702. Earliest possible date is given." Docket Entry 55.

On August 4, 2017, three days prior to the initial trial listing, the trial court held a pre-trial conference and noted that "[b]oth sides [are] ready for trial." Docket Entry 62. On the day the trial was scheduled to start,[ August 7, 2017,] the Commonwealth requested[,] and was granted[,] a continuance because the complaining witness and an eyewitness failed to appear in court. According to the Commonwealth, the eyewitness was sick, and the complaining witness failed to appear despite being served. N.T. [Rule 600 Hearing], 2/12/[]18, at 8.

At an August 31, 2017, status conference, both Commonwealth witnesses were present. However, [Richardson] moved to continue the trial to January 29, 2018. On January 29, 2018, the trial was again continued at [Richardson]'s request to February 12, 2018, because [Richardson]'s counsel was ill. In granting this final continuance, the court noted in the docket that the final two[-]week delay was excludable. Docket Entry 85.

On February 11, 2018, [Richardson] filed a petition to dismiss the information pursuant to Pa.R.Crim.P. 600(A). A hearing was held on February 12, 2018. The Commonwealth did not call witnesses or present documentary evidence at the hearing, but argued it had exercised due diligence as to the original trial listing of August 7, 2017, and had been ready to proceed as of the August 31, 2017 status hearing. N.T. [Rule 600 Hearing], 2/12/18, at 8. In support, the Commonwealth stated it had "continu[ed] contact with [the witnesses] by sending police out and speaking to their parents. And on the first trial listing, one of them was sick and

the other didn't show up." *Id.* It also noted it had been in contact with the complaining witness since before the indicting grand jury. *Id.* at 8-9. Following argument, the trial court denied [Richardson]'s motion without elaborating as to its reasoning or making a finding that any specific period of time was excludable. *Id.* at 10.

A jury trial began on February 12, 2018, and, on February 14, 2018, the jury found [Richardson] guilty of [the above-mentioned VUFA violations]. [On April 27, 2018, the trial court imposed a] sentence of three and one-half years to seven years of incarceration, followed by five years of probation. . . . [Richardson]'s timely-filed post-sentence motion was denied on September 4, 2018.

[Richardson] timely filed a notice of appeal, and both [Richardson] and the trial court complied with Pa.R.A.P. 1925. On appeal, [Richardson] claims the trial court erred in denying [his] Rule 600 motion. [Brief for Appellant,] at 3.

***Commonwealth v. Richardson***, 236 A.3d 1113, at \*\*1-3 (Pa. Super. 2020) (Table) (unpublished memorandum decision) (some citations omitted).

Ultimately, after reviewing Richardson's claim and the record, this Court remanded for a supplemental Rule 1925(a) opinion, in which the trial court was instructed to address "whether the Commonwealth exercised due diligence at pertinent intervals and, based on that analysis, whether specific delays are attributable to the court, the Commonwealth, or [Richardson]. If the court is unable to conduct this analysis on the existing record, it may conduct an additional hearing." *Id.*

Prior to remanding the case, this Court previously determined that

the complaint was filed on June 3, 2016. The mechanical run date was June 3, 2017, 365 days later. Trial commenced on February 12, 2018. The total time between the complaint and commencement of trial is 619 days, 254 days past the mechanical run date. The 165 days between the August 31, 2017 status

hearing and the February 12, 2018 trial constituted excludable delay because trial was continued at [the] defense's request. *See Commonwealth v. Barbour*, 189 A.3d 944, 955 (Pa. 2018). Excluding these days, 89 days remain over the mechanical run date. Thus, to comply with Rule 600, at least 89 days must be excludable.

*Richardson*, 236 A.3d at **7 (unpublished memorandum decision) (footnote omitted).

On remand, the trial court conducted an additional hearing, filed its supplemental Rule 1925(a) opinion, and concluded that the Commonwealth did not exercise due diligence in bringing Richardson to trial in violation of Rule 600. *See* Supplemental Trial Court Opinion, 2/14/22, at 1-5. We agree.

"In evaluating Rule 600 issues, our standard of review . . . is whether the trial court abused its discretion." *Commonwealth v. Hunt*, 858 A.2d 1234, 1238 (Pa. Super. 2004) (en banc).

The proper scope of review . . . is limited to the evidence on the record of the Rule 600 evidentiary hearing, and the findings of the trial court. An appellate court must view the facts in the light most favorable to the prevailing party.

Additionally, when considering the trial court's ruling, this Court is not permitted to ignore the dual purpose behind Rule 600. Rule 600 serves two equally important functions: (1) the protection of the accused's speedy trial rights, and (2) the protection of society. In determining whether an accused's right to a speedy trial has been violated, consideration must be given to society's right to effective prosecution of criminal cases, both to restrain those guilty of crime and to deter those contemplating it. However, the administrative mandate of Rule 600 was not designed to insulate the criminally accused from good faith prosecution delayed through no fault of the Commonwealth.

* * *

- 4 -

So long as there has been no misconduct on the part of the Commonwealth in an effort to evade the fundamental speedy trial rights of an accused, Rule 600 must be construed in a manner consistent with society's right to punish and deter crime.

*Id.* at 1238-39 (internal citations and quotation marks omitted).

Rule 600 provides, in relevant part, as follows:

**(A) Commencement of Trial; Time for Trial**

\* \* \*

(2) Trial shall commence within the following time periods.

(a) Trial in a court case in which a written complaint is filed against the defendant shall commence within 365 days from the date on which the complaint is filed.

Pa.R.Crim.P. 600(A)(2)(a). "Rule 600 generally requires the Commonwealth to bring a defendant . . . to trial within 365 days of the date the complaint was filed." *Hunt*, 858 A.2d at 1240. To obtain relief, a defendant must have a valid Rule 600 claim at the time he files his motion for relief. *Id.* at 1243.

"The mechanical run date is the date by which the trial must commence under Rule 600." *Commonwealth v. McNear*, 852 A.2d 401, 406 (Pa. Super. 2004).

It is calculated by adding 365 days (the time for commencing trial under Rule 600) to the date on which the criminal complaint is filed. The mechanical run date can be modified or extended by adding to the date any periods of time in which delay is caused by the defendant. Once the mechanical run date is modified accordingly, it then becomes an adjusted run date.

*Id.* In the context of Rule 600, "excludable time" is differentiated from "excusable delay" as follows:

- 5 -

"Excludable time" is defined in Rule 600(C) as the period of time between the filing of the written complaint and the defendant's arrest, provided that the defendant could not be apprehended because his whereabouts were unknown and could not be determined by due diligence; any period of time for which the defendant expressly waives Rule 600; and/or such period of delay at any stage of the proceedings as results from: (a) the unavailability of the defendant or the defendant's attorney; (b) any continuance granted at the request of the defendant or the defendant's attorney. "Excusable delay" is not expressly defined in Rule 600, but the legal construct takes in[to] account delays [that] occur as a result of circumstances beyond the Commonwealth's control and despite its due diligence.

*Hunt*, 858 A.2d at 1241 (internal citations and footnote omitted).

In determining whether any time constitutes excludable delay under Rule 600, a trial court must determine whether the time is a "delay in proceedings," and whether the delay should be excluded based on an analysis of the Commonwealth's due diligence. *Commonwealth v. Mills*, 162 A.3d 323, 325 (Pa. 2017). Time that is "necessary to ordinary trial preparation" or "attributable to the normal progression of a case simply is not a 'delay' for the purposes of rule 600." *Id.* If time is a "delay," it is excludable when it falls under the "wide variety of circumstances [encompassed by Rule 600] under which a period of delay was outside the control of the Commonwealth and not the result of the Commonwealth's lack of diligence." *Commonwealth v. Armstrong*, 74 A.3d 228, 236 (Pa. Super. 2013) (citations and quotation marks omitted).

"A Rule 600 motion requires a showing of due diligence by a preponderance of the evidence for the Commonwealth to avail itself of an

exclusion." ***Commonwealth v. Selenski***, 994 A.2d 1083, 1089 (Pa. 2010) (citation omitted). "Due diligence is fact-specific, to be determined case-by-case; it does not require perfect vigilance and punctilious care, but merely a showing the Commonwealth has put forth a reasonable effort." ***Id.*** Reasonable effort includes such actions as the Commonwealth listing the case for trial prior to the run date to ensure that the defendant was brought to trial within the time prescribed by Rule 600. ***See Commonwealth v. Aaron***, 804 A.2d 39, 43-44 (Pa. Super. 2002); ***Commonwealth v. Hill***, 736 A.2d 578, 592 (Pa. 1999).

Trial courts "must exercise judgment in distinguishing between delay attributable to the court and that which should be allocated to a party." ***Mills***, 162 A.3d at 325. Judicial delays "arising out of the court's own scheduling concerns . . . where a trial[-]ready prosecutor must wait several months due to a court calendar . . . should be treated as 'delay' for which the Commonwealth is not accountable." ***Id.*** Nevertheless, the Commonwealth must act diligently through all stages of case, and its due diligence must be assessed before determinations regarding judicial delay. ***See Commonwealth v. Harth***, 252 A.3d 600, 617-18 (Pa. 2021) (adopting Justice Wecht's concurrence in ***Mills***).

Based upon our prior decision and the information gleaned from the trial court's supplemental opinion, the relevant question is whether, between June 3, 2016, and August 31, 2017, there existed at least 89 days of excludable or

- 7 -

excusable delay time. Integral to this question is whether the Commonwealth acted with due diligence.

Instantly, the complaint was filed on June 3, 2016. The Commonwealth filed postponements and, ultimately, cancelled the preliminary hearing before proceeding to a grand jury on July 22, 2016, 49 days later. After receiving a grand jury indictment on July 22, 2016, the trial court conducted a scheduling conference on August 23, 2016, 32 days later.

On remand, at the May 14, 2021, supplemental hearing, the Commonwealth presented the testimony of Assistant District Attorney Kelly Harrell. *See* N.T. Supplemental Hearing, 5/14/21, at 24-51. ADA Harrell testified that, at the August 23, 2016 scheduling conference, the trial court scheduled the trial for August 7, 2017. *Id.* at 27-30. The Commonwealth agreed that this date was 349 days after the scheduling conference.[3] *See id.* at 4, 17 (wherein Commonwealth informed trial court that August 7, 2017 date was 349 days passed scheduling conference). ADA Harrell testified that she did not object or otherwise note this Rule 600 concern to the trial court because she was concerned the trial court would not take her request "well." *Id.* at 31-32, 41-44. ADA Harrell did not request a transfer to another courtroom. *Id.* On August 7, 2017, neither of the Commonwealth witnesses appeared, thus causing ADA Harrell to request a 24-day continuance. *See id.*

---

[3] August 7, 2017, was approximately 65 days beyond the June 3, 2017, mechanical run date.

at 49-50. The trial court then scheduled trial on August 31, 2017, 24 days later, on which date the defense requested a postponement. ***See Richardson***, ***supra***. From the filing of the June 3, 2016 complaint, to the August 31, 2017 defense postponement, 454 days had passed.

The trial court, in its supplemental opinion, found that the Commonwealth had failed to demonstrate due diligence in bringing Richardson to trial. ***See*** Supplemental Trial Court Opinion, 2/14/22, at 3-5. Specifically, the trial court faulted the Commonwealth for failing to simply alert the trial court that the original trial date fell far afoul of Rule 600. ***Id.*** at 4. The trial court also noted that the Commonwealth failed to object to, or request, another date. ***Id.*** at 4-5. The trial court concluded that it was not reasonable for the Commonwealth to accept such a distant date, and effectively sit on its hands, despite knowing that the scheduled date ran afoul of Richardson's speedy trial rights. ***Id.*** The trial court concluded that the Commonwealth's actions fell "short of the requirements of due diligence." ***Id.*** at 5.

Upon review of the record, we agree with the trial court, and discern no abuse of discretion in its determination. ***See id.*** at 3-5; ***Hunt***, ***supra***. Based upon the foregoing, it is clear that the Commonwealth has flatly failed to demonstrate due diligence. Indeed, the Commonwealth spent 49 days postponing and cancelling Richardson's preliminary hearing, and another 32

days passed before the August 23, 2016, scheduling conference.[4] Importantly, ADA Harrell testified that she was aware that the trial listing was approximately 60 days beyond the mechanical run date. However, she declined to alert the trial court to this issue, because she was concerned that the judge would not take it well. Despite the Commonwealth's contention that this extensive 349-day delay was due to the trial court's calendar, our caselaw clearly requires the Commonwealth to act diligently **at all times**. *See Selenski*, *supra*; *Harth*, *supra*. Moreover, on August 7, 2017, despite the 349-day gap, the Commonwealth was still unprepared for trial due to a failure to secure their witnesses, which resulted in another 24-day delay. Such inaction is unreasonable on the record before this Court and, thus, falls short of due diligence. *See Commonwealth v. Sloan*, 67 A.3d 1249, 1252-53 (Pa. Super. 2013) (due diligence requires **reasonable** effort, not perfect vigilance or punctilious care); *Commonwealth v. Lewis*, 804 A.2d 671, 674 (Pa. Super. 2002) ("Once a case has possible Rule 600 problems, prosecutors are required to do everything that is **reasonable** in their power to try the case in time."). Thus, the Commonwealth failed to present a scintilla of evidence that it put forth the requisite effort to comply with Rule 600 or exhibited **any** sense of urgency to try this case. *See Lewis*, *supra*. Accordingly, we vacate Richardson's convictions and discharge Richardson.

---

[4] We note that the Commonwealth concedes these 81 days are includable due to its request for further investigation. *See* Commonwealth's Brief, at 5, 7.

Convictions and judgment of sentence vacated.  Appellant discharged. Jurisdiction relinquished.

McLaughlin, J., joins the memorandum.

Nichols, J., concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/24/2022