**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**

**SAYLOR, C.J., BAER, TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, JJ.**

| | | |
|---|---|---|
| WILLIAM ROHLAND, | : | No. 58 MAP 2019 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Commonwealth Court at No. 473 MD |
| | : | 2018 dated 4/3/19 |
| v. | : | |
| | : | |
| | : | |
| A. WAKEFIELD, BUSINESS OFFICE | : | |
| HUNTINGDON PA, DOC PA AGENTS | : | |
| PRINCIPLES, | : | |
| | : | |
| Appellee | : | SUBMITTED:   March 26, 2020 |

**OPINION**

**CHIEF JUSTICE SAYLOR**                    **DECIDED:  March 26, 2020**

This is a direct appeal from an order of the Commonwealth Court.  The primary issue presented is whether monetary deductions from an inmate account, undertaken to satisfy the financial obligations imposed as part of the prisoner's criminal sentence, may continue after he has finished serving the prison-term portion of that sentence, while he remains incarcerated on a separate sentence.

Appellant is an inmate confined at SCI-Huntingdon.  In 2005, he was charged in Lackawanna County with various offenses.  He was ultimately sentenced on those charges in November 2006 to one-to-five years' imprisonment, and was required as part of his sentence to pay restitution, fines, and costs.  Thereafter, in 2007, Appellant was convicted in Luzerne County on two counts of first-degree murder and sentenced to two

consecutive terms of life imprisonment. *See Commonwealth v. Rohland*, No. 375 MDA 2014, 2015 WL 7572970, at *1 (Pa. Super. Jan. 21, 2015).[1]

As of December 2016, the Department's records reflected that Appellant still owed approximately $2,300 in connection with his Lackawanna County sentence, although the incarceration aspect of that sentenced had expired. Thus, the prison's business office sent Appellant a memorandum notifying him of the amount owed and indicating that the prison would begin making periodic Act 84 deductions from his inmate account to satisfy that obligation (the "2016 Memo").[2] The 2016 Memo also gave instructions on how Appellant could challenge the deductions. *See Montanez v. Sec'y DOC*, 773 F.3d 472, 486 (3d Cir. 2014) (holding that the Fourteenth Amendment's Due Process Clause requires pre-deprivation notice and an opportunity to object before Act 84 deductions begin); *see also Bundy v. Wetzel*, 646 Pa. 248, 261, 184 A.3d 551, 558-59 (2018) (same).

---

[1] The underlying events in Luzerne County occurred before the Lackawanna County sentence was imposed. *See Commonwealth v. Rohland*, CP-40-CR-3799-2006, Dkt. Sheet at 1 (reflecting an initiation date of August 16, 2006).

[2] Act 84 deductions are withdrawals from an inmate account made by a prison pursuant to Act 84 of 1998. *See* Act of June 18, 1998, P.L. 640, No. 84 ("Act 84"). The enactment added a paragraph to Section 9728 of the Sentencing Code, stating:

> The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted . . . to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

This provision, as amended, appears in Section 9728(b)(5) of the Sentencing Code.

In July 2018, Appellant filed papers in the Commonwealth Court styled as a "Complaint Objection," which the court treated as a petition for review directed to its original jurisdiction (the "Petition").[3]  The Petition named as respondents "A. Wakefield, Business Office Huntingdon PA, DOC Pa Agents Principles [sic]" – in essence, the Department of Corrections.  In the Petition, Appellant challenged the Department's deduction of funds from his inmate account to satisfy his financial obligations imposed by the Lackawanna County Court.  Although the deductions were otherwise authorized by Act 84, Appellant asserted they were nonetheless unlawful because too much time had passed and he was no longer serving the prison component of his Lackawanna County sentence.  The Department eventually filed an application for summary relief, *see* Pa.R.A.P. 1532(b), arguing that the challenged deductions were authorized by Act 84, and that the Department had complied with *Montanez* and *Bundy* by providing Appellant with the 2016 Memo in the pre-deprivation timeframe.

The Commonwealth Court granted the Department's application and dismissed the Petition.  *See Rohland v. Wakefield*, No. 473 M.D. 2018, Memorandum and Order, *slip op.* at 1 (Pa. Cmwlth. Apr. 3, 2019) (*per curiam*).  The court noted, initially, that the Department is statutorily authorized to deduct monies from an inmate account to collect court-ordered costs, fines, and restitution, and that the law does not impose prior court authorization as a threshold condition.  *See id.* at 2.  It continued that Appellant received the constitutionally-required pre-deprivation notice specifying the amount of his financial liability and giving him a reasonable opportunity to object.  *See id.*  Finally, the court held that the law permits the collection of court-imposed financial obligations even after the maximum term of confinement has expired.  *See id.* (citing *Commonwealth v. Ralston*, 800 A.2d 1007, 1009-10 (Pa. Cmwlth. 2002)).

---

[3] Appellant has acted *pro se* throughout this litigation.

The standard for summary relief under Rule 1532(b) is similar to the standard for summary judgment under the Rules of Civil Procedure. *See Hosp. & Healthsystem Ass'n of Pa. v. Commonwealth*, 621 Pa. 260, 284 n.18, 77 A.3d 587, 602 n.18 (2013) (citing cases and Pa.R.A.P. 1532, Official Note). In particular, an "application for summary relief may be granted if a party's right to judgment is clear and no material issues of fact are in dispute." *Id.* at 284, 77 A.3d at 602 (quoting *Jubelirer v. Rendell*, 598 Pa. 16, 28, 953 A.2d 514, 521 (2008)).

Presently, as there are no genuine issues of material fact, we turn to whether the Department had a clear right to judgment as a matter of law. As with all issues of law, we review that question *de novo*. *See In re T.S.*, 648 Pa. 236, 248, 192 A.3d 1080, 1087 (2018); *Commonwealth v. Herman*, 639 Pa. 466, 483, 161 A.3d 194, 205 (2017) (citing *Commonwealth v. Davidson*, 595 Pa. 1, 11, 938 A.2d 198, 203 (2007)).

Although Appellant's brief to this Court is somewhat lacking in clarity, he primarily takes issue with the Department's decision to wait until 2016 to begin making deductions. Along these lines, he argues that by 2016, the five-year statute of limitations set forth at Section 5526 of the Judicial Code foreclosed the Department from making the deductions from his account; such deductions were contrary to the Department's own policy as reflected in an administrative document referred to as DC-ADM-005; and the expiration of his prison sentence nullified any authority the Department would otherwise have had under Act 84 to make such deductions. We consider these arguments in turn.

Section 5526 sets forth a five-year limitation period in relation to actions for: (1) revival of a judgment lien on real property, (2) specific performance of a contract for sale of real property or for damages for noncompliance therewith, and (3) enforcement of any equity of redemption or any implied or resulting trust as to real property. *See* 42

Pa.C.S. §5526(1)-(3). Court-imposed financial obligations plainly do not fall within any of these categories. Thus, the Section 5526 limitation period has no application to this case.

Insofar as DC-ADM-005 is concerned, we note that that is the Department's policy document relating to the collection of inmate debts, *see Bundy*, 646 Pa. at 253, 184 A.3d at 554, and by its terms, it applies in all prisons operated by the Department. *See* DC-ADM-005, at 1. As for its substantive provisions, it indicates, in relevant part, that each facility's business office maintains inmate accounts and collects monies owed by assessing such accounts and transmitting the funds to the parties owed. *See id.* at 1-1. It states that, through such deductions, the business office makes:

> a. payments of 20% of the inmate's account balance and monthly income for restitution, reparation, fees, costs, fines, and/or penalties associated with the criminal proceedings pursuant to 42 Pa.C.S. §9728, Act 84 of 1998, provided that the inmate has a balance that exceeds $10.00; and
>
> b. payments of 10% of all the inmate's account balance and monthly income, for the Crime Victim's Compensation and Victim/Witness Services Funds, provided that the inmate has a balance that exceeds $10.00.

*Id.* at 3-1. These provisions are aligned with the terms outlined in the 2016 Memo. Moreover, Appellant has not referenced any aspect of DC-ADM-005 that would tend to support the concept that a facility's business office loses its authority to implement the deduction policy due to a time delay, and our own review of the document does not reveal any.

Finally, Appellant suggests that the expiration of his prison term, as imposed by the Lackawanna County Court, nullified the Department's Act 84 authority to deduct funds from his account to pay obligations imposed as part of the same sentence. This same issue was addressed in *Ralston*, where the Commonwealth Court held that the

"language of Act 84 permits the collection of costs, fines and restitution in excess of the maximum term of commitment." *Ralston*, 800 A.2d at 1009-10.

We agree with the Commonwealth Court's determination in this regard. Section 9728(c) of the Sentencing Code provides, in relevant part, that

> the period of time during which such judgments [imposing monetary obligations as part of a criminal sentence] shall have full effect may exceed the maximum term of imprisonment to which the offender could have been sentenced for the crimes of which he was convicted *or the maximum term of confinement to which the offender was committed.*

42 Pa.C.S. §9728(c) (emphasis added).

The emphasized portion of the passage above clarifies the General Assembly's intent that financial responsibilities which form part of a criminal sentence should, if not paid in full, remain in full force and effect even beyond defendant's period of incarceration associated with the same criminal sentence. Thus, as of the date of the 2016 Memo, any portion of the fines, costs, and restitution imposed by the Lackawanna court, which had not by then been satisfied, remained due and owing. Furthermore, there is no language in Act 84 itself which restricts the time during which the Department is authorized to collect such obligations from inmates within its custody. *See supra* note 2.

Thus, we conclude that the Department had clear legal authorization under Act 84 to effectuate such deductions. That being the case, the Commonwealth Court acted properly in granting the Department's motion for summary relief.

The order of the Commonwealth Court is affirmed.

Justices Baer, Todd, Donohue, Dougherty, Wecht and Mundy join the opinion.